# Court of Appeals
# of the State of Georgia

ATLANTA, February 27, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0304. RODOLFO MARTINEZ-LARA v. THE STATE.**

In 2011, Rodolfo Martinez-Lara was convicted of multiple counts of forgery in the first degree and identity fraud. Martinez-Lara filed a direct appeal, and his conviction was affirmed in part and reversed in part. *Martinez v. State*, 325 Ga. App. 267 (750 SE2d 504) (2013). The case was then remanded to the trial court for re-sentencing. Martinez-Lara subsequently filed a motion for production of documents, seeking copies of hearing transcripts and his indictment. The trial court denied his motion on September 29, 2017, and he filed this application for discretionary appeal on December 14, 2017 in the Supreme Court of Georgia. The Supreme Court of Georgia transferred the application to this Court after finding that it did not have jurisdiction. We, however, also lack jurisdiction.

To be timely, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).

Because Martinez-Lara did not file his application for discretionary appeal until 76 days after the entry of the order he seeks to appeal, his appeal is untimely.[1] Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/27/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Martinez-Lara refers to his application as one for interlocutory review, but the application was properly docketed as an application for discretionary review. Nonetheless, even if this Court treated his application as one for interlocutory review, it would also be untimely because filing deadlines also apply to interlocutory applications and Martinez-Lara did not obtain a certificate of immediate review within 10 days of the trial court's order. See OCGA § 5-6-34 (b) (a party may request interlocutory review only if the trial court certifies within 10 days of entry of the order at issue that immediate review should be had and then files its application within 10 days after the certificate is granted).